UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SKY MILLER,<br><br>                        Plaintiff,<br><br>            v.<br><br>RON VAN BOENING, et al.,<br><br>                        Defendants. | Case No.  C10-5712 RBL/JRC<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 11, 2011** |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

This matter comes before the court upon defendants' motion to dismiss (ECF No. 14). The undersigned recommends that the motion be GRANTED IN PART AND DENIED IN PART.  The motion to dismiss was filed December 12, 2010, (ECF No. 14).  The motion was noted for January 14, 2011.  Plaintiff did not respond.  Local Rule 7 (b)(2) states that if the party opposing the motion does not "file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Plaintiff is cautioned that failure to respond to motions may result in dismissal of this action or granting of those motions.

REPORT AND
RECOMMENDATION - 1

FACTS

The underlying action involves replacement of orthotic shoes (ECF No. 6, Complaint). Plaintiff alleges that he requested replacement shoes in January of 2008. Plaintiff alleges that for six months he sent kites to his health care providers. In August of 2008, plaintiff was seen by a podiatrist and impressions of his feet were taken so shoes could be ordered (ECF No. 6, page 6). Plaintiff requested accommodations for his feet problems. He did not get those accommodations. The new shoes did not arrive and on October 17, 2008, plaintiff alleges that he fell down a flight of stairs because his shoe came apart and he tripped.

He was injured and taken to St. Joseph's Hospital where x-rays were taken and he was given intravenous pain medication. When he returned to prison he alleges that his pain medication was taken from him. Plaintiff alleges that it took eleven more months to replace his shoes. The new shoes were delivered to him September 1, 2009. Allegedly, the replacement shoes lasted four months before the soles fell out. Plaintiff alleges that the state will not replace the shoes now and are telling him that he can purchase inserts from the inmate store. The allegations in the complaint set forth possible violation of plaintiff's rights under the Eighth Amendment and the Americans with a Disabilities Act. Plaintiff seeks both monetary and injunctive relief (ECF No. 6).

Defendants move for dismissal and argue that defendants Van Boening and Bodine should be dismissed for lack of personal participation. They also argue that the complaint fails to state a claim, they cannot be sued in their official capacity, and they enjoy qualified immunity. The defendants also argue that discovery should be stayed pending a ruling on qualified immunity and that if the motion is granted even defendants who did not accept service should be dismissed (ECF No. 14).

REPORT AND
RECOMMENDATION - 2

STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). While the court liberally construes a pro se plaintiff's complaint, it cannot supply essential facts that the plaintiff has failed to plead. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

DISCUSSION

A. Personal Participation.

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of respondeat superior is not sufficient to state a claim under § 1983. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

REPORT AND
RECOMMENDATION - 3

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).

Defendants acknowledge that Ron Van Boening, the Superintendent at McNeil Island, signed a level three grievance response. They argue that he is entitled to dismissal for lack of personal participation despite having denied plaintiffs' grievance. Without having the grievance response as an exhibit, which would convert the motion to a motion for summary judgment, the court cannot agree. Plaintiff alleges that it took over 17 months for him to receive shoes. When he filed his grievance and when Mr. Van Boening implicitly approved of the action taken by medical staff, are issues of fact. The motion to dismiss Mr. Van Boening should be DENIED.

Defendants also argue that Linda Bodine should be dismissed. Ms. Bodine is identified in the complaint as the medical administrator (ECF No. 6). There are not facts showing that she ever provided medical advice, however, plaintiff does state he requested shoes through the inmate kite system (ECF No 6, complaint, page 5). He also alleges that when defendant Bertram would not allow him to see the podiatrist, there was a "continual stream of medical kites" for six months (ECF No. 6, page 6). In liberally construing the complaint the court cannot add an essential element or facts. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). However, the

REPORT AND
RECOMMENDATION - 4

question who the kites were addressed to or who answered them may prevent the dismissal of this defendant at this juncture. Plaintiff should be given thirty days to amend the complaint and provide missing facts or this defendant is entitled to dismissal for lack of personal participation.

  B.  Failure to state a claim.

Defendants argue the complaint fails to state a claim for a violation of either the Fourteenth or Eighth amendment. They further state "inmates' constitutional rights are implicated only when he faces restraint that 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Defendants cite to <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) for this proposition of law. This quote in <u>Sandin</u> addresses when a court will recognize a state created liberty interest under the Fourteenth Amendment. It does not apply to other constitutional analysis.

    1.  Eighth Amendment.

The Eighth Amendment to the Constitution prohibits "cruel and unusual punishments." To establish an Eighth Amendment violation, an inmate must allege both an objective element-- that the deprivation was sufficiently serious--and a subjective element--that a prison official acted with deliberate indifference. <u>Young v. Quinlan</u>, 960 F.2d 351, 359 (3rd Cir. 1992). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).

Assuming the allegations in the complaint are true, plaintiff was forced to wear shoes that were falling apart for six months. He asked for accommodations, including a lower tier assignment because of his foot problems and those requests were denied. He then fell down a flight of stairs, allegedly, because the shoes finally came apart. He was injured to the point where he was taken to a hospital for treatment and given pain killers. On return to the prison, his

REPORT AND
RECOMMENDATION - 5

medication was taken away. After the fall, he was "black and blue from head to foot and in great pain." (ECF No. 6).

The objective element of an Eighth Amendment claim is certainly met by these facts as is a possible Americans with a Disabilities Act claim.

The alleged delay in providing proper footwear for eleven months after the fall is unconscionable. Liberally construing the complaint, a jury could determine that one or more of the defendants had a callous disregard for the plaintiffs' welfare, comfort, and safety. The motion to dismiss on this ground should be DENIED, pending further discovery and, possibly, trial.

2. Fourteenth Amendment.

The due process clause of the Fourteenth Amendment provides that no person will be deprived of life liberty or property without due process of law. Defendants are correct that there is no due process issues at stake in this case. Plaintiff was not denied life or liberty, and the property at issue, belonged to the state, not plaintiff. The motion to dismiss this claim should be GRANTED.

C. The Eleventh Amendment.

Defendants argue the defendants in their official capacity are not persons for the purpose of 42 U.S.C. §1983 (ECF No. 14, page 8). However, plaintiff seeks not only damages but injunctive relief (ECF No. 6, page 4). Defendants' argument is correct as it applies to an action seeking damages against the state. The state is immune from such suit. Edelman v. Jordan, 413 U.S. 651 662-63 (1974). However, an official in his or her official capacity is the proper defendant for injunctive relief. The Supreme Court in Will v. Michigan. stated:

REPORT AND
RECOMMENDATION - 6

> Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S., at 167, n. 14, 105 S.Ct., at 3106, n. 14; *Ex parte Young*, 209 U.S. 123, 159-160, 28 S.Ct. 441, 453-454, 52 L.Ed. 714 (1908).

Will v. Michigan, 491 U.S. 58, 71 n. 10.  For the above reasons, defendants' motion to dismiss the defendants in their official capacity should be DENIED.

      D.      Qualified Immunity.

Defendants also argue they are immune from suit.  A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted); *see also* Anderson v. Creighton, 483 U.S. 635, 638 (1987) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken") (*quoting* Harlow, 457 U.S. at 818, 819); Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002). Thus, qualified immunity "'provides ample protection to all but the plainly incompetent or those who knowingly violate the law'". Burns v. Reed, 500 U.S. 478, 495 (1991) (*quoting* Malley v. Briggs, 475 U.S. 335, 341 (1986)). The immunity is "*immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(italic in original).

The Supreme Court established a two-part test for determining whether an official is entitled to qualified immunity. The Court must determine whether the facts, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a federal statutory or constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled in part by* Pearson v. Callahan, 129 S. Ct. 808, 818 (2009). In addition, the Court must ascertain whether

REPORT AND
RECOMMENDATION - 7

the federal statutory or constitutional right at issue was "clearly established" at the time of the alleged violation. Id. at 201. Although the U.S. Supreme Court's holding in Saucier required that the determination of a violation of a federal right be the initial inquiry, the Supreme Court later held "that the Saucier protocol should not be regarded as mandatory in all cases, [however] we continue to recognize that it is often beneficial". Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).

For a law to be "clearly established," it must be sufficiently clear that a reasonable official would understand that his or her action violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). In the absence of binding precedent, the court may look to whatever decisional law is available in order to determine whether or not the law was clearly established at the time the alleged acts occurred. Capoeman v. Reed, 754 F.2d 1512, 1514 (9th Cir. 1985) (citations omitted). "Until th[e] threshold immunity question is resolved, discovery should not be allowed". Harlow v. Fitzgerald, 475 U.S. 800, 818 (1982).

The Eighth Amendment is violated if an inmate is deprived of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Young v. Quinlan, 960 F.2d 351, 359 (3rd Cir. 1992). The court considers shoes a necessary item of clothing in the Pacific Northwest. To fail to provide footwear to an inmate for eleven months after his shoes have failed to the point where a sole falls off the shoe causing the inmate to fall down a flight of stairs is to deprive the person of the minimal civilized measure of life's necessities. The defendants are not entitled to qualified immunity at this stage of the proceedings as the law was clearly established well before 2008

E.   Discovery.

Defendants move to stay discovery. Discovery should normally be stayed pending a ruling of qualified immunity. Here, however, the court is not inclined to stay discovery as the

claim is for a violation of clearly established law.  The motion to stay discovery should be DENIED.

F.	Defendant Bartram.

In a footnote on the first page of the motion to dismiss, defendants state there is no record of this defendant being served.  Counsel asserts the motion to dismiss should not act as a waiver of service but if the court dismisses all claims they request all defendants be dismissed (ECF No. 14, page 1).  If counsel does not represent this defendant it is not proper to assert arguments on his behalf. Proffering such arguments may constitute a waiver of service.

Plaintiff has the duty to prosecute this action.  Plaintiff should consult the Federal Rules of Civil Procedure regarding service of process and should be given 30 days to show cause why defendant Bartram should not be dismissed for failure to perfect service of process.

CONCLUSION

This court recommends that defendant's motion to dismiss be GRANTED IN PART AND DENIED IN PART.  Fourteenth Amendment claims should be dismissed.  The Eighth Amendment claims and the Americans with a Disability Act claim remain.  Qualified immunity should be denied and discovery allowed.  Plaintiff should show cause within the next thirty days why defendant Bertram has not been served and what steps he intends to take to perfect service on this defendant.  He must also file an amended complaint within the next thirty days showing what part defendant Linda Bodine played in this complaint.  The amended complaint acts as a complete substitute for the original and not as a supplement, so all facts regarding all defendants must be present.  No new claims or new defendant should be allowed in the amended complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of de novo review by the District Court. See

REPORT AND RECOMMENDATION - 9

1  28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is

2  directed to set the matter for consideration on March 11, 2011, as noted in the caption.

3      DATED this 11th day of February, 2011.

                                  /s/ J. Richard Creatura

                                  J. Richard Creatura
                                  United States Magistrate Judge

REPORT AND
RECOMMENDATION - 10