UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SKY MILLER, <br><br> Plaintiff, <br><br> v. <br><br> RON VAN BOENING et al., <br><br> Defendants. | CASE NO. C10-5712RBL/JRC <br><br> ORDER |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and(B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Two motions filed by plaintiff and one motion filed by defendants are before the court. These motions need to be addressed before the court will consider the pending motion for summary judgment and cross motion for summary judgment.

The motions are: 1) plaintiff's motion to allow supplemental evidence (ECF No. 36); 2) plaintiff's motion asking for an order to force defendants' counsel to meet and confer regarding outstanding discovery (ECF No. 38); and 3) defendants' motion within the cross motion for summary judgment asking the court to stay discovery pending a ruling on dispositive motions (ECF No. 27). Plaintiff's motions are GRANTED. Defendants' motion is DENIED.

ORDER - 1

Plaintiff has provided a series of letters and responses showing an improper discovery pattern. When asked to meet and confer, defendants' counsel has stated, among other things, that responses are not yet due, deferred a meeting by asking for additional information, and refused to answer discover requests claiming they were not in proper form (ECF No. 38, Exhibits, letters dated March 29, 2011, April 26, 2011, and May 25, 2011). In the final letter, defendants' counsel claims to have called a number provided by plaintiff and been unable to reach him at that number. At the same time, counsel is asking the court to stay discovery and rule on dispositive motions (ECF No. 27).

The plaintiff in this matter is an inmate incarcerated in a Washington Correctional Facility. Counsel for defendants represents the Washington State Department of Corrections. Counsel for defendants should be cautioned not to use the plaintiff's incarceration and self-representation as tool to avoid meaningful advancement of discovery. For instance, counsel may not have been able to reach the plaintiff at the number he provided, but counsel certainly had the ability to facilitate a conference. Also, requesting a discovery conference should not be conditioned on defendants' counsel's conclusion that plaintiff has complied with the Fed. R. of Civ. P. In fact, one of the purposes of such a discovery conference is to air objections and attempt to resolve them so that discovery can proceed. There appear to be ways to resolve all of the discovery disputes that have arisen between the parties through mutual cooperation. The court may consider an award of sanctions pursuant to Fed. R. Civ. P. 11(c)(3) if it appears that the parties, and/or their counsel, are not proceeding in good faith to complete reasonable discovery.

The currently pending motion for summary judgment and cross motion will not be considered at this time. Within the next 14 days, defendants' counsel will set up a telephonic

conference with the plaintiff to discuss discovery matters. The currently pending motions for summary judgment and cross motion will be re-set, by the court, after the parties have filed a joint notice to the court stating that they have met regarding discovery and outlining the outcome of that meeting.

DATED this 23rd day of June 2011.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge