|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| SKY-STEVEN THOMAS MILLER,<br><br>Plaintiff,<br><br>v.<br><br>RON VAN BOENING et al,<br><br>Defendants. | CASE NO. C10-5712-RBL-JRC<br><br>ORDER REGARDING SEVERAL OUTSTANDING MOTIONS |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff filed a motion asking that the Court again attempt service on physician assistant Bartram (ECF No. 58). He has also filed two related motions: one asking for relief from the prior order regarding service on defendant Bartram (ECF No. 62), and the other asking for an extension of time to serve defendant Bartram (ECF No. 64).

Perfecting service on defendant Bartram has been an issue throughout this action. The action was filed in September of 2010, and the Court attempted service in October of 2010. In February of 2011, plaintiff asked the Court to attempt again to serve this defendant (ECF No. 16). In March, a Report and Recommendation was adopted and the District Court stated that "plaintiff also has thirty days to either perfect service on defendant Bartram or show cause why he has not perfected service on this defendant." (ECF No. 19). This Court denied plaintiff's motion to serve defendant Bartram at the McNeil Island Corrections Center because the Corrections Center was closed and plaintiff had failed to provide a more current working address for defendant Bertram.(ECF No. 21).

In April 2011, plaintiff sent a letter to Court and alleged that he had provided the Court with a home address (ECF No. 23). In May 2011, the Court attempted service at the address plaintiff provided and the document was returned as undeliverable (ECF No. 25).

Plaintiff filed another motion to serve this defendant later in May of 2011 (ECF No. 30). This motion was denied in June of 2011 because plaintiff had failed to provide this Court with any new or different address for defendant Bartram (ECF No. 39). Discovery proceeded and the discovery cutoff date was July 15, 2011 (ECF No. 18).

Now, well over a year after this action was commenced, and several months after discovery has closed, and after the deadline for dispositive motions has past, plaintiff again asks the Court to attempt to serve defendant Bartram at a newly provided address.

Fed. R. Civ. P. 4(m) provides that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. The standard of review is abuse of discretion, which indicates that the court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The Ninth Circuit has stated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal if "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

Here, while plaintiff has taken an inordinately long time to provide a new or different address, the Court will once again try and perfect service. The motion is GRANTED.

Accordingly, Plaintiff's Motion for Relief from Judgment or Order (ECF No. 62) and Plaintiff's Motion for Extension of Time (ECF No. 64) are also GRANTED.

Plaintiff has not shown sufficient grounds for appointment of counsel and counsel is not required for this civil rights action. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court can request counsel to represent a party, 28 U.S.C. § 1915(e) (1), the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims pro se. His pleadings to date have been clear and fairly concise. Plaintiff has made no showing of a likelihood of success on the merits. The fact that there are issues of fact precluding a grant of summary judgment does not equate to a showing of a

likelihood of success on the merits. Therefore, Plaintiff's Motion for Appointment of Counsel (ECF No. 63) is hereby DENIED.

Dated this 6th day of December, 2011.

J. Richard Creatura
United States Magistrate Judge