UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SKY-STEVEN THOMAS MILLER,

              Plaintiff,

  v.

RON VAN BOENING et al.,

              Defendant.

CASE NO. C10-5712-RBL-JRC

ORDER RE-OPENING
DISPOSITIVE MOTIONS

      This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. The only remaining defendant, Dr. Longano asks that the Court to allow additional dispositive motions (ECF No. 75). Plaintiff opposes the motion and in addition asks that the Court not rule on the motion until after January 20, 2012, as he has an appointment with counsel and is trying to obtain legal representation (ECF No. 78).

      As of January 26, 2012, counsel has not appeared on plaintiff's behalf. The motion to allow an additional round of dispositive motions is GRANTED. Any dispositive motion either party wishes to make must be filed on or before March 23, 2012.

ORDER RE-OPENING DISPOSITIVE MOTIONS - 1

Counsel and pro se parties are directed to confer and provide the Court with a joint status report by no later than July 27, 2012. The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

5. Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

7. Any other suggestions for shortening or simplifying the trial in this case;

8. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

9. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

10. Whether the trial will by jury or non-jury;

11. The number of trial days required, and suggestions for shortening trial;

12. The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. Separate reports are not to be filed. Defendant's counsel will be responsible for initiating communications for the preparation of the joint status report. The last report filed was not signed by plaintiff, although defendants aver plaintiff reviewed the document (ECF No. 45). The parties are on notice that failure to cooperate in the filing of a completed status report can result in sanctions.

## Proof of Service & Sanctions

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court. Such proof of service shall accompany both the original and duplicates filed with the Clerk. Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to plaintiff.

Dated this 26th day of January, 2012.

J. Richard Creatura
United States Magistrate Judge