UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SKY T. MILLER, <br><br> Plaintiff, <br><br> v. <br><br> RON VAN BOENING, et al., <br><br> Defendants. | CASE NO. 10-cv-05712 JRC <br><br> ORDER GRANTING DEFENDANTS' MOTION TO AMEND AND DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY |

THIS MATTER, having come before the Court on Defendants' Motion to Amend Answer to Plaintiff's Second Amended Complaint (ECF No. 108) and Defendants' Motion for Protective Order Staying Discovery (ECF No. 107) and the Court, having reviewed Defendants' motions, Plaintiff's combined response (ECF No. 112) and Declaration in Opposition to Defendants' Motions (ECF No. 113), and Plaintiff's Reply (ECF No. 115), hereby GRANTS Defendants' Motion to Amend and DENIES, without prejudice, Defendants' Motion for Protective Order Staying Discovery.

ORDER GRANTING DEFENDANTS' MOTION TO AMEND AND DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY - 1

DISCUSSION

This Court conducted a telephone conference with counsel for the parties on November 14, 2012. The parties advised the Court that they had scheduled upcoming discovery and that if the Court could issue its ruling promptly, it would assist the parties in knowing how to prepare for and schedule discovery.

To that end, the Court has concluded that Defendant's Motion to Amend the Answer should be granted because the Rules encourage that amendments "shall be freely given when justice so requires" Fed. R. Civ. P. 15(a), and there has been no adequate showing of undue delay, bad faith, or prejudice to the plaintiff. *See Limited v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

The Court notes that in its most recent scheduling order (ECF No. 91) the parties were given until November 19, 2012 to amend their pleadings. Defendants have complied with this scheduling order by seeking leave to file the amended answer and noting it before the deadline date. While the amended answer asserts a new affirmative defense that plaintiff's action is "barred by release of claims" (ECF No. 108-1, p. 10), and while this is a general pleading, it is clear that this defense is based on facts that are readily ascertainable to plaintiff (ECF No. 115, p. 3, n. 1) and is not the kind of boilerplate listing of affirmative defenses that should no longer be allowed in light of the standards set forth in *Bwell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Barnes v. AT&T Pension Bene. Plan-Nonbargained Program,* 718 F. Supp. 2d. 1167, 1170-72 (N.D. Cal. 2010). Furthermore, since depositions are still scheduled to take place in the future regarding this affirmative defense, plaintiff has been unable to show any prejudice from granting this motion.

ORDER GRANTING DEFENDANTS' MOTION
TO AMEND AND DENYING, WITHOUT
PREJUDICE, DEFENDANTS' MOTION FOR
PROTECTIVE ORDER STAYING DISCOVERY -
2

1     Defendants' Motion for Protective Order Staying Discovery pending this Court's ruling on

2 Defendants' Motion to Dismiss (ECF No. 106) is DENIED without prejudice because the Court

3 anticipates that if the parties meet the new scheduling deadlines set forth in ECF No. 110, the

4 Court should be in a position to rule on Defendants' motion in sufficient time to meet the parties

5 upcoming discovery.  Discovery will not be stayed and the parties should continue exchanging

6 information, pursuant to pending discovery requests.  If the Court is unable to rule promptly,

7 then either party may renew this motion and the Court will reconsider.

8     Entered this 20th day of November, 2012.

                                                            J. Richard Creatura
                                                             United States Magistrate Judge

24 ORDER GRANTING DEFENDANTS' MOTION TO AMEND AND DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY - 3