1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8   WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10   SKY T. MILLER,

CASE NO. 10-cv-05712 JRC

11                    Plaintiff,

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION RE
12        v.

DISMISSAL OF RCW 49.60 CLAIM

13   RON VAN BOENING, et al.,

14                    Defendants.

15

16        On November 28, 2012, this Court entered its order dismissing plaintiff's claim under the

17   Washington Law Against Discrimination, RCW 49.60 ("WLAD") on the grounds that the Act

18   did not apply to state prison facilities (ECF No. 120).

19        Plaintiff's motion is based on Local Rule 7(h), which provides in part as follows:

20        (h) Motions for Reconsideration
          (1) *Standard*. Motions for reconsideration are disfavored.
21        The court will ordinarily deny such motions in the absence of a
          showing of manifest error in the prior ruling or a showing of new
22        facts or legal authority which could not have been brought to its
          attention earlier with reasonable diligence.

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION RE DISMISSAL OF RCW
49.60 CLAIM - 1

1    Plaintiff brings this motion claiming he is entitled to relief based on "new facts."

2  According to plaintiff, four days after the Court issued its ruling dismissing plaintiff's WLAD

3  claim, on December 5, 2012, plaintiff's counsel deposed Holly Delcambre, who is the

4  Department of Correction's Statewide ADA Compliance Manager (ECF No. 120, page 2).  She

5  testified regarding DOC Policy 690.400 regarding "Disabled Offenders."  This policy provides:

> The Department will not discriminate on the basis of disability in
> the provision of services, programs, and activities, and will ensure
> the rights of disabled offenders addressed in a manner consistent
> with legitimate penalogical interests.  Disabled offenders are those
> with identifiable disabilities as defined by Federal and **State law**.

9  *Id.* (emphasis added)

10    During her deposition, Ms. Delcambre testified that the "State law" referenced in this

11  DOC policy is the Washington Law Against Discrimination – RCW 49.60.  Plaintiff claims that

12  this "new fact" estoppes defendants from claiming that the Washington Law Against

13  Discrimination does not apply to plaintiff, who is disabled (*Id.* at 3-7).

14    A party may be subject to estoppel when:

15    (1) The party to be estopped knows the facts;

16    (2) He intends that his conduct shall be acted on or so acts that the

17      party asserting estoppel has a right to believe it is so intended;

18    (3) The latter is ignorant of the true facts; and

19    (4) He relies on the former's conduct to his injury.

20  *Ellenberg v. Brockway, Inc.*, 763 F.2d 1091, 1096 (9th Cir. 1985); *Cann v. Carpenters' Pension*

21  *Trust,* 62 F. Supp. 501, 508-09 (C.D. Cal. 1987).

22    The mere fact that plaintiff moves for reconsideration based on this "new fact" belies the

23  granting of such a motion.  Estoppel is based on the premise that a person has relied to his

24  detriment on the conduct of another.  Here, in order for plaintiff to prevail, he must prove that he

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION RE DISMISSAL OF RCW
49.60 CLAIM - 2

1  knew about DOC Policy 690.400, that he believed this policy meant that the Washington Law

2  Against Discrimination applied to him, and that he relied to his detriment on that belief.

3       To the contrary, by bringing this motion on the grounds that he discovered this "new

4  fact," plaintiff is also acknowledging that this is a fact he did not rely on to his detriment before

5  the granting of the motion to dismiss.  The facts cited by plaintiff are consistent with this

6  conclusion.

7       First, apparently DOC Policy 690.400 and its earlier amendments were produced to

8  plaintiff as a result of discovery in this case, and not during the time that plaintiff was pursuing

9  his grievances.  (*See* ECF No. 129, page 2, fn 1.)  There is no evidence in the record that plaintiff

10  ever reviewed the policy or relied on the policy at any time.  Second, DOC Policy 690.400 is

11  arguably ambiguous, as it makes no reference to the WLAD and simply makes reference to the

12  DOC following "State law." Third, plaintiff states that the first time he became aware of Ms.

13  Delcambre's conclusion, that DOC Policy 690.400 incorporated the WLAD, was when she

14  testified regarding this policy on December 5, 2012.  (ECF No. 121, page 2.) Finally, there is no

15  factual support for the conclusion that plaintiff relied on Ms. Delcambre's statement at any time

16  during the grievance procedure, which of course makes sense, since she did not make this

17  statement until after the motion to dismiss was granted.

18       Although plaintiff argues that he wrote "countless kites and grievances" asking the DOC

19  to fulfill its obligation to comply with the anti-discrimination laws and referenced Exhibits 1 –

20  19 of his original motion (ECF No. 121, page 4, *citing* ECF No. 118, Exhibits 1-19), the Court

21  has carefully reviewed each of the cited exhibits and finds no reference to DOC Policy 690.400.

22

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION RE DISMISSAL OF RCW
49.60 CLAIM - 3

1    Therefore, this Court concludes that plaintiff did not rely to his detriment on the "new

2    fact" in Ms. Delcambre's statement during her deposition and this "new fact" cannot form the

3    basis of a motion for reconsideration.

4    This case is significantly different from the case previously decided by The Honorable

5    Robert S. Lasnik in *French v. Providence Everett Medical Center*, C07-0217 RSL, 2008

6    WL4186538 (W.D. Wash. 2008).  In *French*, Providence Everett Medical Center claimed that it

7    was exempt from the WLAD because it was a religious institution.  Plaintiff contended that

8    Providence Everett Medical Center was estopped from making this argument because it had

9    adopted a policy which stated that it was bound by the principles of equal employment

10   opportunity and would not discriminate on any basis prohibited by state law.  In that case,

11   plaintiff contended that "she read and relied on the EEO policy during her employment."  *Id*. at

12   *8.  Therefore, the court concluded that Providence Everett Medical Center was estopped from

13   denying the applicability of the law because plaintiff had relied to her detriment on this policy.

14   In this case, plaintiff has made no such showing.  Instead, plaintiff has not testified that

15   he had read and relied on DOC Policy 690.400 during the course of the events leading to the

16   filing of this claim, nor does he make any reference to the policy in any way in any of his

17   grievances.

18   For these reasons, plaintiff's Motion for Reconsideration is DENIED.

19   DATED this 2nd day of January, 2013.

20

21

22   J. Richard Creatura
     United States Magistrate Judge

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION RE DISMISSAL OF RCW
49.60 CLAIM - 4